IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**RANDOLPH BROWN**,

    Plaintiff,

v.

**RONALD LYNN LIPSCOMB, and FEDEX FREIGHT, INC.**,

    Defendants.

Civil Action No. 7:21-CV-87 (HL)

**ORDER**

Plaintiff Randolph Brown filed this lawsuit after sustaining injuries in a motor vehicle accident involving Defendant Ronnie Lipscomb, who was driving a tractor trailer owned by Defendant FedEx Freight, Inc. ("FedEx"). Now before the Court is Defendants' Motion for Partial Summary Judgment. (Doc. 26). After reviewing the pleadings, briefs, depositions, and other evidentiary materials, and with the benefit of oral argument, the Court concludes that there is no genuine dispute of the material facts and finds that Defendant is entitled to judgment as a matter of law.

**I.  BACKGROUND**

On May 9, 2017, Defendant Lipscomb's tractor trailer hit Plaintiff's vehicle, causing Plaintiff's vehicle to leave the road. (DSOMF at ¶ 1).[1] Plaintiff received

---

[1] DSOMF refers to Defendant's Statement of Material Facts. (Doc. 8-2). The cited paragraphs are those admitted by Plaintiff.

treatment later that day at South Georgia Medical Center's emergency room. (*Id.* at ¶ 2). Plaintiff's primary complaint was low back pain. (*Id.*). The Plaintiff continued treating for his lower back pain at Mink Chiropractic Center from May 13, 2017 until July 10, 2017. (*Id.* at ¶ 3, 5).

Plaintiff received no further medical care until his admission to South Georgia Medical Center's intensive care unit on August 11, 2017, when he was diagnosed with end stage renal failure. (*Id.* at ¶ 6-7). Plaintiff alleges he never experienced kidney problems prior to the May 9, 2017 accident. (*Id.* at ¶ 11). However, Plaintiff admits that he was diagnosed with hypertension and diabetes over ten years ago and has an extensive family history of hypertension and diabetes. (*Id.* at ¶ 9-10). While Plaintiff believes that the accident led to his kidney failure, none of Plaintiff's physicians have affirmatively linked the motor vehicle accident to Plaintiff's renal failure diagnosis. (*Id.* at ¶ 8, 11).

### III.   DISCUSSION

#### A.   Summary Judgment Standard

"Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment 'shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A genuine issue of material fact arises only when "the evidence is such that a reasonable jury could return a verdict for the

nonmoving party." *Id.* at 248. When considering a motion for summary judgment, the court must evaluate all of the evidence, together with any logical inferences, in the light most favorable to the nonmoving party. *Id.* at 254–55. The court may not, however, make credibility determinations or weigh the evidence. *Id.* at 255; *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

The movant bears the initial responsibility of asserting the basis for his motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A defendant may show no genuine issue of material fact "by either presenting evidence negating an essential element of the plaintiff's claims or establishing from the record an absence of evidence to support such claims." *Oglethorpe Dev. Group v. Coleman*, 271 Ga. 173, 173 (1999). The nonmoving cannot rest on pleadings but must point to specific evidence giving rise to a triable issue. *Cowart*, 287 Ga. at 623; citing *Lau's Corp. v. Haskins*, 261 Ga. 491, 491 (1991) *abrogated on other grounds*.

B.   **Causation and Expert Testimony**

The elements of a negligence claim in Georgia are "a duty, a breach of that duty, causation, and damages." *Goldstein, Garber & Salama, LLC v. J.B.*, 300 Ga. 840, 841 (2017). "Questions of negligence generally are for the jury, and may be resolved on summary judgment 'only where the evidence is plain, palpable and undisputable.'" *Allstate Ins. Co. v. Sutton*, 290 Ga. App. 154, 158 (2008); citing *Munroe v. Universal Health Svcs.*, 277 Ga. 861, 864(2) (2004) (citation and punctuation omitted). In the present action, Plaintiff alleges that Defendant Lipscomb breached his duty of care when he caused the accident that led to

3

Plaintiff's injuries. At issue is the specific causal link between the car accident and Plaintiff's end stage renal disease. Defendants argue they are entitled to summary judgment on Plaintiff's claims relating to his end stage renal disease because Plaintiff has failed to identify any medical expert who can draw a causal link between the car accident and Plaintiff's kidney disease.

"Expert evidence typically is not required to prove causation in a simple negligence case." *Cowart v. Widener*, 287 Ga. 622, 622 (2010). Most medical questions relating to causation can be resolved by lay people using "their common knowledge and experience, without the need for expert testimony." *Id.* "However, expert evidence is required where a 'medical question' involving truly *specialized* medical knowledge…is needed to establish a causal link between the defendant's conduct and the plaintiff's injury." *Id.* (emphasis in original). The *Cowart* court recognized the term "medical question" is too broad, "as most medical questions relating to causation are perfectly capable of resolution by ordinary people using their common knowledge and experience, without the need for expert testimony." *Bruce v. Classic Carrier, Inc.*, No. 1:11-CV-01472-JEC, 2014 WL 1230231, at *5 (N.D. Ga. Mar. 24, 2014) (citing *Cowart*, 287 Ga. at 628) (punctuation omitted). The Georgia Supreme Court designated the term "specialized medical questions" to refer to medical questions that "require expertise beyond the lay juror's capacity." *Bruce*, 2014 WL 1230231, at *5.

Whether Plaintiff's end stage renal disease presents a specialized medical question turns on Plaintiff's theory of the injury alleged. "The diagnosis and

4

potential continuance of a disease or other medical condition are 'medical questions to be established by physicians as expert witnesses and not by lay persons.'" *Allstate Ins. Co. v. Sutton*, 290 Ga. App. 154, 159–60 (2008) (holding that summary judgment was warranted on a claim for respiratory illness when the plaintiff only provided uncertified medical documents and no citation to medical testimony about the causal link between the respiratory conditions and exposure to mold). The Georgia Supreme Court provided several examples of situations in which lay people could determine causation without expert testimony, including "whether a stab wound through the heart causes death; whether a blow to the head could cause death; and whether an automobile crash could cause backache." *Baulding v. United States*, No. 4:13-cv-129-HLM, 2014 WL 12497023, at *6 (N.D. Ga. Sept. 5, 2014) (stating that "a lay jury could find without expert testimony that tripping and falling can cause a knee injury.").

In the present case, Plaintiff provides no evidence to support his claim that the car accident caused his kidney disease other than his testimony stating that he did not have a problem with his kidneys before the accident. (Doc. 8-1; p. 38). Plaintiff admits no treating physician has told him his kidney disease could be caused by the accident, nor is there anything in his medical records supporting such a contention. The Court finds this allegation fails under the *Cowart* standard for a specialized medical question. Absent expert evidence linking Plaintiff's kidney disease to the accident, Plaintiff's contention that one caused the other based solely on the proximity of his diagnosis to the accident is insufficient to create a

genuine question of material fact. Therefore, summary judgment on Plaintiff's claim for damages relating to end stage renal failure is **GRANTED**.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Partial Summary Judgment**.**

**SO ORDERED,** this 18th day of May, 2022.

*s/ Hugh Lawson*_____
**HUGH LAWSON, SENIOR JUDGE**

erj